**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| WELCOME HOTELS OF SOUTH CAROLINA, INC. d/b/a COMFORT INN DOWNTOWN CHARLESTON, </br> </br>    Plaintiff, </br> v. </br> </br> MT. HAWLEY INSURANCE COMPANY, and AEGIS SYNDICATE 1225 AT LLOYDS, </br> </br>    Defendants. | 2:21-cv-02923-DCN |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, WELCOME HOTELS OF SOUTH CAROLINA, INC. d/b/a COMFORT INN DOWNTOWN CHARLESTON (hereinafter, "WELCOME"), by and through the undersigned counsel, files this Complaint for damages against defendants MT. HAWLEY INSURANCE COMPANY (hereinafter, "MT. HAWLEY") and AEGIS SYNDICATE 1225 AT LLOYDS (hereinafter, "AEGIS") and states as follows:

**JURISDICTION AND VENUE**

1. The subject cause of action occurred in Charleston, Charleston County, South Carolina, and appropriate venue is in the Charleston Division of this Court.

2. The Court has jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy in over $75,000 and the parties are domiciled in different states.

**PARTIES**

3. At all times relevant herein, WELCOME has been a South Carolina Corporation with its principal place of business in Charleston, South Carolina.

4. At all times relevant herein, WELCOME owned and managed a Comfort Inn Hotel located at 144 Bee Street, Charleston, South Carolina (hereinafter, the "Hotel").

5. MT. HAWLEY is an Illinois property and casualty insurance company with its principal place in business in Peoria, Illinois.

6. MT. HAWLEY is a South Carolina authorized property and casualty insurer.

7. AEGIS is a foreign property and casualty insurer with its principal place of business in London, England.

## GENERAL ALLEGATIONS

8. On or about March 1, 2018, WELCOME purchased a policy of commercial property insurance for losses specific to Windstorm or Hail from MT. HAWLEY under Policy Number MWH0080455 (the "Mt. Hawley Policy"), which covered WELCOME and the Property for specified losses to the Building, Business Personal Property, and Business Income/Rental Value, among others. [A true and accurate copy of the Mt. Hawley Policy applicable to the date of loss is attached hereto and incorporated herein as Exhibit "A".]

9. Each year thereafter, WELCOME has paid for, and Mt. Hawley has issued, a renewal of the Policy, up to and including March 1, 2020.

10. WELCOME has paid all Policy premiums that have become due during the initial term, and all subsequent renewal terms thereafter.

11. Accordingly, MT. HAWLEY has provided coverage under the Policy for WELCOME and the Property from March 1, 2018, through March 1, 2020.

12. In addition, during such period, WELCOME purchased a Policy from AEGIS, under Policy Number 18N3171200187 (the "Aegis Policy"), which pays the difference between the deductible of the Mt. Hawley Policy, and the insureds retention of $50,000.00, for named wind

perils only. [A true and accurate copy of the Aegis Policy applicable to the date of loss is attached hereto and incorporated herein as Exhibit "B".]

13. On or about September 4-6, 2019, the Mt. Hawley Policy and the Aegis Policy combined to provide coverage to WELCOME and the Property for wind perils, including hurricanes.

14. On or about September 4-6, 2019, Hurricane Dorian made landfall in the Charleston South Carolina area with sustained winds, causing devastation to the community, and substantial wind damage and resulting loss to the Property.

15. On or about September 10, 2019, WELCOME made a claim for loss from Hurricane Dorian and related wind damage with MT. HAWLEY, who assigned it claim number 00474444 with a date of loss of September 5, 2019 (the "Claim").

16. The Mt. Hawley Policy covered windstorm or hail claims subject to the following terms, among others:

> 1. AGREEMENT
>
> We will pay for direct physical loss or damage to Covered Property Caused by or resulting from a Covered Cause of Loss.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.
>
> In return for your payment of the required premium, we provide the coverage described herein at the locations named in the Declarations and/or the endorsed Schedule of Locations, subject to all the terms of this policy. This includes the Declarations, as well as any endorsements and schedules attached to and made a part of this policy.
>
> In return for your payment of the required premium, we provide the coverage described herein at the locations named in the Declarations and/or the endorsed Schedule of Locations, subject to all the terms of this policy. This includes the Declarations, as well as any endorsements and schedules attached to and made a part of this policy.

> Refer to Definitions for words and phrases that have special meaning. These words and phrases are shown in quotation marks.
>
> 2. COVERED PROPERTY
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations, from the peril(s) of windstorm and/or hail.
>
> Covered Property, as used in this policy, means the type of property described in this section if a Limit of Insurance is shown in the Declarations for that type of property.
>
>> A. Buildings and Structures, meaning:
>>    1. Additions;
>>    2. Fixtures;
>>    3. Machinery and equipment if the machinery and equipment is a permanent part of a covered building or structure.
>>
>> B. Business Personal Property, meaning:
>>    1. Furniture and fixtures;
>>    2. Machinery and equipment;
>>    3. "Stock";
>>    4. All other personal property owned by you and used in your business;
>>    5. Improvements and betterments meaning fixtures, alterations, installations or additions comprising part of a building(s) occupied but not owned by you and made at your expense.

17. On or about September 6, 2019, WELCOME retained Indiana Public Adjusting, Inc. and Jay Hatfield ("IPA"), to assist with the Claim as its public adjuster.

18. On or about September 17, 2019, IPA arranged an inspection of the Property with MT. HAWLEY's adjuster.

19. On or about January 2, 2020, MT. HAWLEY sent IPA a letter discussing coverages as well as the inspection, but it did not formally accept or deny coverage for the loss. [A true copy of the January 2, 2020, letter from MT. HAWLEY is attached hereto as Exhibit "C".]

20. Thereafter, IPA sent several letters to MT. HAWLEY attempting to confirm whether or not MT. HAWLEY was accepting coverage for the loss, and if so, what was the

undisputed scope of loss.

21. On or about January 13, 2020, MT. HAWLEY sent IPA an email, and while not formally accepting coverage for the loss, made clear that MT. HAWLEY agreed that the Property sustained damage from Hurricane Dorian.

22. On or about February 6, 2020, MT. HAWLEY provided IPA and WELCOME with a repair estimate for the loss, however, said estimate did not include significant amounts of storm damage that was evident in the inspection.

23. On or about May 15, 2020, WELCOME received a letter from Crawford & Company, on behalf of AEGIS, which provided that it had determined that the Property sustained a "covered wind loss" and issued payment to WELCOME in the amount of $59,156.15. [A true copy of the May 15, 2020, letter from Crawford & Company is attached hereto as Exhibit "D".]

24. As a result of Defendant's refusal to pay for substantial storm-related repairs to WELCOME's Property, WELCOME was compelled to retain an engineer, George Barbour & Associates, who inspected the Property on June 5, 2020.

25. On or about October 18, 2020, IPA provided MT. HAWLEY with a complete engineering report of George Barbour & Associates (the "Barbour Report"), which detailed the extensive damages caused to the Property by Hurricane Dorian.

26. Thereafter, IPA has attempted to work with MT. HAWLEY AND AEGIS to come to an agreed scope of loss and damage estimate, without success.

27. Since initiating the Claim, WELCOME, either individually or through IPA has produced all documentation requested by MT. HAWLEY and/or AEGIS to the extent that the documents were in its possession or could be obtained through other sources.

28. WELCOME has fully complied with all terms and conditions precedent under the

Mt. Hawley Policy and the Aegis Policy pertaining to the provision of coverage and/or the issuance of payment for all losses identified in the Claim.

29. WELCOME has not waived or excused the Defendants non-performance of their obligations under the Policy.

30. WELCOME has satisfied any and all preconditions to filing suit, or the same have been waived by the Defendants.

31. WELCOME has an insurable interest in the Property that was damaged or destroyed as a result of the forementioned wind event.

32. At all times relevant hereto, MT. HAWLEY has acted by and through its employees and designated agents in its handling of the Claim.

33. At all times relevant hereto, AEGIS has acted by and through its employees and designated agents in its handling of the Claim.

### COUNT I – BREACH OF CONTRACT/NEGLIGENCE

1-33. WELCOME repeats and re-alleges rhetorical paragraphs 1-33, as if fully reincorporated herein.

34. The Mt. Hawley Policy is a valid contract between the WELCOME and MT. HAWLEY.

35. In addition to the provisions in the policy, amendments and endorsements, the Mt. Hawley Policy further includes additional provisions required by law, as well as an obligation by Mt. Hawley to exercise a covenant of good faith and fair dealing toward WELCOME.

36. MT. HAWLEY has breached its Contract with WELCOME in one or more of the following ways:

    a. Misrepresenting the terms and conditions of coverage;

    b. Deceiving WELCOME regarding its scope of loss and what it had agreed to pay;

    c. Failing and refusing to identify an agreed scope of damages for which it agreed there was coverage;

    d. Unnecessarily delaying the investigation and determination of the scope of loss;

    e. Misrepresenting facts relating to the loss and MT. HAWLEY's purported investigation thereof;

    f. Failing and refusing to pay for, or otherwise properly adjust WELCOME'S damaged Property, without legal excuse or justification;

    g. Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    h. Failing to comply with its obligations under the Mt. Hawley Policy;

    i. Failing and refusing to pay WELCOME for its loss in accordance with the terms and conditions of the Mt. Hawley Policy; and

    j. Failing to exercise good faith and fair dealing in its handling of WELCOME's Claim.

37. MT. HAWLEY further negligently failed to exercise reasonable care in the handling of WELCOME'S claim.

38. AEGIS has breached its Contract with WELCOME in one or more of the following ways:

    A. Failing and refusing to identify an agreed scope of damages for which it agreed there was coverage;

    k. Unnecessarily delaying the investigation and determination of the scope of loss;

  l. Misrepresenting facts relating to the loss and AEGIS's purported investigation thereof;

  m. Failing and refusing to pay for, or otherwise properly adjust WELCOME'S damaged Property, without legal excuse or justification;

  n. Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

  o. Failing to comply with its obligations under the Aegis Policy;

  p. Failing and refusing to pay WELCOME for its loss in accordance with the terms and conditions of the Aegis Policy; and

  q. Failing to exercise good faith and fair dealing in its handling of WELCOME's Claim.

39. AEGIS further negligently failed to exercise reasonable care in the handling of WELCOME'S claim.

40. The Mt. Hawley Policy included an endorsement that provided as follows with respect to the filing of a claim or lawsuit:

WINDSTORM OR HAIL LOSS REPORTING LIMITATION ADDENDUM

Regardless of anything to the contrary in the policy to which this endorsement is attached, the following limitations apply in reference to reporting of claims under this policy:

1. With respect to loss or damage caused by windstorm or hail, including any named storm, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim; and

2. Any legal action brought against us under the policy for loss or damage caused by windstorm or hail must be brought within the earlier of the following:

  a. Two years and one day from the date we accept or reject the claim; or

b.  Three years and one day from the date of the loss or damage that is the subject of the claim.

41. As a direct and proximate result of the Defendants' breach of contract and/or negligence in handling WELCOME's Claim, WELCOME has suffered consequential damages, including but not limited to:

   A.  The loss of property without indemnification provided for in the respective policies;

   B.  The loss of use of property and other insurance benefits;

   C.  The increased cost to repair and/or replace the property insured; and

   D.  Other consequential damages.

WHEREFORE, Plaintiff WELCOME HOTELS OF SOUTH CAROLINA, INC. d/b/a COMFORT INN DOWNTOWN CHARLESTON, by counsel, respectfully requests judgment in its favor and against defendants, MT. HAWLEY INSURANCE COMPANY and AEGIS SYNDICATE 1225 AT LLOYDS, and further requests the following relief:

   A.  For the payment of all proceeds available and due under the Mt. Hawley Policy Aegis Policy;

   B.  For all reasonable compensatory and consequential damages;

   C.  For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs, and

   D.  For all other just and proper relief in the premises.

### COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-41.  Plaintiff repeats and re-alleges rhetorical paragraphs 1-41, as if fully reincorporated herein.

42. In addition to breaching its contract with WELCOME, MT. HAWLEY and AEGIS further breached their covenant of good faith and fair dealing with WELCOME in one or more of the following manners:

    a. By making an unfounded refusal to pay policy proceeds to WELCOME;

    b. By causing an unfounded delay in making payment to WELCOME;

    c. By misrepresenting the terms and conditions of coverage under their respective policy;

    d. By deceiving WELCOME regarding what it had agreed to pay;

    e. By failing and refusing to identify an agreed scope of damages for which it agreed there was coverage;

    f. By failing and refusing to pay for necessary temporary emergency repairs or remediation;

    g. By unnecessarily delaying the investigation, adjustment and/or determination of the scope of loss;

    h. By misrepresenting facts relating to the loss and defendants' purported investigation thereof;

    i. By failing and refusing to pay for, or otherwise properly adjust WELCOME'S damaged roof, without legal excuse or justification;

    j. By unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    k. By failing and refusing to comply with its obligations under the Policy;

    l. By failing and refusing to make a timely claim decision after WELCOME submitted its Proof of Loss;

  m. By failing and refusing to properly inspect or investigate the nature and extent of damage to the roof;

  n. By failing and refusing to comply with the appraisal provision of the Policy;

  o. By attempting to exercise any unfair advantage to pressure WELCOME into a settlement of its claim;

  p. By compelling WELCOME to institute litigation to protect its policy benefits due under the policy; and

  q. By otherwise failing and refusing to exercise good faith and fair dealing in its handling of WELCOME's Claim.

43. Defendant's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing to WELCOME and have resulted in additional injury and damage to WELCOME, including but not limited to consequential damages.

WHEREFORE, WELCOME HOTELS OF SOUTH CAROLINA, INC. d/b/a COMFORT INN DOWNTOWN CHARLESTON, by counsel, respectfully requests judgment in its favor and against MT. HAWLEY INSURANCE COMPANY and AEGIS SYNDICATE 1225 AT LLOYDS, and further requests the following relief:

  A. For all reasonable compensatory and consequential damages at law;

  B. For all recoverable punitive damages at law;

  C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

  D. For all other just and proper relief in the premises.

**JURY DEMAND**

Plaintiff, by counsel, demands trial by jury.

                    Respectfully submitted,

                    */s/ J. Christopher Pracht*
                    J. Christopher Pracht, Esq.
                    Bar No. 10538
                    Thomason & Pracht, LLP
                    303 East Greenville Street
                    Anderson, SC 29621
                    (864) 226-7222 – Phone
                    (864) 226-7224 – Fax
                    chris@864law.com – Email
                    Attorney for Plaintiff